HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

QWEST CORPORATION,

               Plaintiff,

        v.

WASHINGTON UTILITIES AND
TRANSPORTATION COMMISSION, et al,

             Defendants.

Case No. C09-5259RBL

ORDER

THIS MATTER comes before the entitled Court on an appeal and cross-appeal of an order of the Washington Utilities and Transportation Commission ("WUTC" or "Commission") that resolved disputed issues in an arbitration proceeding, conducted pursuant to Section 252 of the Telecommunications Act of 1996 ("the Act"), to establish terms and conditions of interconnection between Qwest Corporation "(Qwest") and Eschelon Telecom, Inc. ("Eschelon"). The issues raised in the appeal and cross-appeal have been fully briefed and presented to the Court in written form and during oral argument conducted on June 21, 2010.

As a threshold matter, Qwest alleges that the defendant Commission exceeded its limited authority in discharging its duties as an arbitrator under the Act. Qwest argues that in ordering the inclusion of terms

and conditions relating to conversions and commingling in the parties' interconnection agreement, the WUTC exceeded its jurisdiction. Issues of jurisdiction are reviewed *de novo*. Qwest relies primarily upon a 2009 decision of the Ninth Circuit Court of Appeals, *Qwest Corp. v. Arizona Corp. Comm'n.,* 567 F.3d 1109 (9th Cir. 2009). That case concerned a challenge to a state commission order that relied on § 271 of the Act, which sets forth conditions for entry of former AT&T subsidiaries into the long distance markets, to establish rates for network elements not required to be unbundled under § 251. The parties agree that the arbitration authority of state commissions is limited to imposing terms that implement the obligations imposed in §§ 251(b) and (c). Pursuant to the decision in *Qwest*, "all state commission arbitration authority under Section 252 is inextricably tied to the duties imposed under Section 251."

In rejecting Qwest's jurisdiction argument, the Commission observed that it followed the guidance of the Federal Communications Commission ("FCC") to address, through the Section 252 arbitration process, the transition conversion process at the center of the Qwest/Eschelon dispute and to establish any rates, terms and conditions necessary to implement the changes prescribed by the FCC. C.R. 3221 (WUTC Order 19) ¶20. This Court agrees. The terms and conditions that govern how conversions and commingling will be accomplished are inextricably tied to duties imposed under Section 251 to convert existing circuits from a UNE basis (unbundled network elements) to a non-UNE basis. The Section 252 arbitration was an appropriate and lawful process for the Commission to use to determine the terms and conditions which would control as of the moment the conversion was complete.

The Court has also reviewed the merits of the other arguments made by Qwest and Eschelon in their appeal and cross-appeal. With the exception of the jurisdictional issue discussed above, all other issues in the case are subject to the arbitrary and capricious standard of review. Because the Court finds that the decisions under review from the WUTC were supported by substantial evidence and did not reflect a clear error of judgment, the Court affirms the decision of the WUTC and accepts without modification the Findings of Fact and Conclusions of Law submitted by the Commission. Orders 18 and 19 of the Washington Utilities

1    and Transportation Commission are hereby **AFFIRMED**.

2          Dated this 4th day of August, 2010.

3

4

5

6

7    _____

8    RONALD B. LEIGHTON
     UNITED STATES DISTRICT JUDGE

9

10

ORDER
Page - 3